Green, J. ’
delivered the opinion of the court.
Upon the facts of this case, the question is, whether this deed of trust can be supported, as fair and legal. We think it cannot. It is true, a debtor may prefer one creditor, and pay and secure his debt, though others may suffer loss; but he cannot cover a much larger amount of property than will satisfy such debt, and postpone, for an unreasonable time, its appropriation. By such act, he would hinder and delay other creditors; and, therefore, the deed by which he would attempt to do so, would be void by the statute. Other creditors have a right to the appropriation to the payment of their debts, of all the property which may be included in such deed, over and above that which may be necessary to satisfy the debt secured by the deed. If in the deed it be stipulated, that the sale of the property shall be postponed for several years, all other creditors are, of necessity, delayed until the expiration of that time, should the deed be permitted to stand. For, if it be good for any purpose, it must be so for every purpose, and the stipulation as to the time which may be given, is obligatory upon all who may be concerned. The slightest reflection will enable every one to perceive, that in such case other creditors would be delayed and hindered, in having any surplus which may remain after the payment of the debt secured by the deed, applied to the satisfaction of their debts.
In the present case, the unusual time of three years is given for the payment of the money, before any sale is to take place. The creditors of Wilson and Harman are to wait all that time, before they can ascertain whether there will be any property to apply to the payment of their debts, after the extinguishment of Beal’s. If the statute has any meaning, a deed like this must be within its provisions, and to be considered as fraudulent. Not that it is to be supposed, that Mr. Beal had any bad purpose of heart in reference to other creditors; but we are to look at *141 die effect of this deed upon the rights of other creditors; ... . 1 .' ? , , , . , . ’ and the law supposes, that parties intend that winch is the legitimate offspring of their acts.
But it is insisted in the argument, that as there were 114 bales of the cotton belonging to Wilson and Harman, which; had been shipped by Beal, and which he had not heard from, he was entitled to have taken judgment 'for the whole amount of his advances to them, without allowing any credit for the 114 bales; in which case, they would have been his debtors for a much larger sum than the six thousand five hundred and eleven dollars; and that he would have had a right to have included in his deed of trust, a sufficient amount of property to have secured the whole sum thus due him. Should this argument be admitted in its full force, still the objection to the postponement of the disposition of the property so included, for three years, remains in its full force. The 114 bales of cotton were in Beal’s hands, and it was intended, that its proceeds should be applied to his debt. He knew, therefore, that when he should receive an account of its sale, that his debt would be extinguished by the amount it might produce, and thus leave a large amount of property covered by the deed, to secure a debt greatly under its value. In this there would be nothing wrong, had the time limited for the disposition of the property been short, so as that the surplus above a security for his debt, could have been applied to the claims of other creditors. But when to secure a large debt, a man’s whole estate is covered by a deed, although it may not greatly exceed.in value the debt to be secured, yet if three years be given, during which the property is to remain undisposed of, and - to continue in' -the possession of the grantor, other creditors, who may be entitled to the surplus which may be created by partial payments of the debt secured by the deed, are hindered and delayed in the enforcement of their claim to such surplus. It cannot be disguised, but that this must have been die intention of'Wilson and Harman. The unreasonable *142 time cnyen within which to pay the debt, during all which . ° ’ , , , . period their other creditors were Kept from seizing their property, gave them an opportunity of appropriating its proceeds, in a way to defeat, as well as hinder and delay, those to whom they were indebted.
The mere fact, that Wilson and Harman retained’possession of the property, is not fraud per se, nor, in a mortgage, is it prima facie evidence of fraud, if the time given for the payment had been reasonable; such, for instance, as would have been equivalent to the probable “law’s delay.” The possession was consistent with the deed, and as a fact of itself, would not constitute a ground for setting aside the deed. But the delay, so greatly beyond the time it would have required for Beal to have obtained judgment and levied an execution, is a fact, coming so directly, in its efFect, within the words of the statute, that it is impossible to support a deed with such a provision.
The decree of the chancellor will be affirmed, and the clerk and master of this court carry the same into execution.
Decree affirmed.